# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **CHRISTOPHER J. CHAVEZ,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**MIDLAND CREDIT** )<br>**MANAGEMENT, INC.,** )<br>)<br>Defendant. ) | JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES the Plaintiff, Christopher J. Chavez, by and through undersigned counsel, and for his complaint against the Defendant, Midland Credit Management, Inc., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692 et seq., and pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this district in that Plaintiff resides here, Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Christopher J. Chavez ("Plaintiff") is a natural person who resides in Raytown, Missouri.

5. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

6. Midland Credit Management, Inc. ("MCM") is a foreign corporation engaged in the collection of debt within the State of Missouri.

7. MCM is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV. ALLEGATIONS

8. The debt allegedly owed by Plaintiff was incurred primarily for personal, family, or household services and is therefore a "debt" as that term is defined by the FDCPA, 15. U.S.C. § 1692a(5).

9. On or about June 5, 2019, Plaintiff retained counsel to assist in the resolution of several debts.

10. On or about June 18, 2019, an employee of MCM contacted Plaintiff by telephone to discuss a debt allegedly owed to MCM.

11. During the call, Plaintiff informed the MCM employee that he was represented by counsel, provided his counsel's contact information, and requested that all further communication be directed to his counsel.

12. On or about June 20, 2019, MCM contacted Plaintiff's counsel by telephone and confirmed Plaintiff's representation.

13. Notwithstanding Plaintiff's represnetiation, MCM continued to contact Plaintiff directly, including but not limited to at least seven (7) telephone calls made by MCM to Plaintiff between July 9, 2019 and July 11, 2019.

14. These communications by MCM violated 15 U.S.C. § 1692c(a)(2), in that MCM contacted a consumer after receiving notice that the consumer was represented by an attorney.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Christopher J. Chavez., by and through counsel, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1) from MCM and for Plaintiff;

    b. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) from MCM and for Plaintiff;

    c. Plaintiff's attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from MCM and for Plaintiff;

    d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,

By: /s/ Andrew M. Esselman
Andrew M. Esselman #64837
Credit Law Center, LLC
4041 NE Lakewood Way, Suite 200
Lee's Summit, MO  64064
Telephone:   816-246-7800
Facsimile:   855-523-6884
andrewe@creditlawcenter.com
**Attorney for Plaintiff**